**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

LG.PHILIPS LCD CO., LTD.

Plaintiff,

Case No. 07-MC-80223-KLR

TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION

*D. Delaware Case No. 04-343-JJF*

Defendants.

---

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S**
**MOTION FOR EXPEDITED RELIEF FROM ORDER**
**PURSUANT TO FED. R. CIV. P. 60(b) AND LOCAL RULE 7.1(E)**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL" or Plaintiff) respectfully moves for relief from the March 12, 2007 Protective Order granting Defendant Tatung Co. and Tatung Company of America, Inc.'s (collectively, "Tatung") Motion for a Protective Order Limiting Scope of Third Party Deposition and Subpoena (the "Motion"). Tatung filed the Motion on Friday, March 9, 2007. However, LPL did not receive a copy of the Motion until the afternoon of Monday, March 12, the same day the Court entered its Order. Because Plaintiff had no opportunity to oppose or otherwise respond to the Motion, expedited relief pursuant to Local Rule 7.1(e) is appropriate on the grounds provided in Fed. R. Civ. P. 60(b) including, *inter alia*, unfair surprise.

## I.
## THERE HAS BEEN NO FINDING THAT TATUNG'S MOTION MERITS EXPEDITED CONSIDERATION

**The Order, which was supplied by Tatung, includes no determination that good cause has been shown meriting expedited treatment of Tatung's Motion.** Under the applicable local Rule, LPL is entitled to a period of ten days from the date of service by mail during which to

prepare and submit its opposition to the Motion. L.R. Civ.P. 7.1(c). This time period can be waived, and an immediate hearing granted, only upon a determination that "good cause" exists for "requiring [an] expedited procedure." L.R. Civ. P. 7.1(e). The Order makes no such finding with respect to Tatung's Motion. In the absence of a finding that good cause exists to expedite hearing, LPL should be entitled to present its opposition to the Court.

## II.
## PLAINTIFF HAD NO OPPORTUNITY TO OPPOSE TATUNG'S MOTION

**The Order states that Plaintiff "L.G.Philips LCD Co., Ltd. ... opposed the motion." This statement is incorrect.** Tatung filed its sixteen page Motion on Friday, March 9. According to the certificate of service, Tatung served the Motion on LPL by U.S. mail even though Tatung had requested expedited review. As a result, LPL received the Motion with the afternoon mail delivery on Monday, March 12. The Court signed Tatung's proposed Order that same day, and Plaintiff received a copy of the order just hours later, at 4:30 pm.

Tatung's choice of service method violated prior practice in the principal litigation pending in the U.S. District Court for the District of Delaware. The practice has been to serve copies of all papers via electronic mail on the date of filing, and Plaintiff's Delaware local counsel confirmed that practice just days before Tatung served its "emergency" Motion by mail. (Exhibit 1.) Equally problematic, Tatung did not direct its Motion to Shari L. Klevens, the attorney who signed and issued the subpoena to which Tatung objects. Instead, Tatung addressed the Motion to two other LPL attorneys, one of whom Tatung knew to be out of the office defending depositions in the main Delaware litigation. It was only the superior office procedures of LPL's attorneys that ensured LPL had sufficient notice to prepare even this Motion.

At best, electing to serve the emergency Motion by mail and to someone other than the issuing attorney suggests that Tatung was unconcerned with affording Plaintiff an opportunity to respond. At worst, the choice represents an intentional effort to delay or altogether deny LPL that

opportunity. Whatever the motivation, the effect was the same. LPL could not have opposed or otherwise responded to the Motion, having received it for the first time the very afternoon the Order was entered.

Considering the lack of specific determination that Tatung's Motion merits expedited treatment, LPL should have been granted the full time period allowed under L.R. Civ. P. 7.1(c) to oppose the Motion. However, Tatung's actions denied Plaintiff any opportunity to respond and be heard. LPL is thus entitled to relief under Fed. R. Civ. P. 60(b), on grounds that include, *inter alia*, unfair surprise.

## III.
## EXPEDITED CONSIDERATION OF DEFENDANTS' MOTION WAS NOT JUSTIFIED

**Moreover, even if Tatung had supplied an Order that properly addressed the request for "emergency" or expedited treatment, such treatment would not be merited here. Tatung's "emergency" Motion sought to limit the scope of a third party subpoena that LPL served, and Tatung received, fully one month ago.** Tatung received a copy of the subpoena via electronic mail (as has been the practice in this case) on approximately February 13, 2007. (Exhibit 2.) Tellingly, Tatung's Motion never mentions this date.

Tatung allowed nearly two full weeks to pass before requesting, on February 27, an opportunity to meet and confer regarding the scope of the subpoena, with the result that the conference was scheduled for March 5, the document return date on the face of the subpoena. (Exhibit 3.) After the conference, Tatung waited an additional four days before filing the Motion with the Court. Plaintiff should not be denied an opportunity to defend the scope of its properly served third-party subpoena simply because Tatung failed to act promptly. Given the amount of

time that has passed since Tatung first received notice of LPL's allegedly objectionable subpoena, any "emergency" results exclusively from Tatung's unreasonable delay in responding.[1]

## IV. PLAINTIFF WILL BE SEVERELY PREJUDICED IF THE ORDER IS ALLOWED TO STAND AS ISSUED

**Tatung is attempting to exploit the Order as part of a larger strategy to sway the outcome of similar motions in other jurisdictions. Thus, allowing the Order to stand as issued and without response or opposition could severely prejudice LPL.** The subpoena at issue here is one of a larger number that LPL has been forced, at great expense, to serve on a variety of distributors, retailers, and purchasers of Tatung's products in the United States in an effort to obtain discovery that Tatung has failed or refused to produce. Simultaneously with the instant Motion, Tatung filed virtually identical motions in other jurisdictions where Plaintiff has served subpoenas. LPL is presently attempting to respond to the motions. However, Tatung is encouraging courts in these other jurisdictions to consider the Order as authority for granting protective orders limiting the scope of other subpoenas without affording Plaintiff the opportunity to respond. (Exhibit 4.) LPL respectfully submits that this is an improper use of an Order originally obtained on questionable grounds, and moreover a use that threatens to prejudice LPL's rights in other jurisdictions. To fully understand how the Order relates to Tatung's larger strategy, additional background details may be useful.

### A. Tatung's Refusal to Cooperate in Discovery Forced Plaintiffs to Subpoena Records From Third Parties

This discovery dispute arises out of a patent infringement action pending in the United

[1] In addition, on Friday, March 16, 2007, Vincent Poppiti, the Special Master overseeing discovery disputes in the main litigation pending in the District of Delaware, will consider whether to extend the deadline for third party discovery. If that motion is granted, any alleged need for expedited resolution of this motion will be rendered moot.

States District Court for the District of Delaware ("Main Case"). LPL is the owner of U.S. Patent No. 6,498,718 and U.S. Patent No. 6,501,641, which relate to mounting systems used in the Defendants' visual display products such as liquid crystal display ("LCD") televisions, computer monitors and laptop computers. LPL has asserted patent infringement claims against Tatung as well as against ViewSonic Corporation (collectively, the "Defendants"). LPL alleges Defendants' products incorporate LPL's patented mounting systems. Among its claims, LPL alleges that Defendants have induced other parties to infringe LPL's patents.[2]

    1.    Tatung's Deficient Discovery Responses Forced Plaintiff to Seek Necessary Information from Third Parties, Including Sensormatic

On December 27, 2006, LPL served a third party subpoena on Hewlett-Packard Company. On February 13 and 14, 2007, LPL served approximately 23 other third party subpoenas ("Subpoenas"), including the subpoena at issue here, on various distributors, retailers, and purchasers of Defendants' products in the United States. The Subpoenas were issued based on LPL's understanding that these parties, who have current or former business relationships with Tatung and ViewSonic Corporation ("ViewSonic"), have documents that are relevant to the instant action, including but not limited to documents related to purchase and sale of the infringing products in the United States, documents relating to Defendants' efforts to market the infringing products in the United States, and other important discovery concerning infringement, inducement,

---

[2] "A person induces infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement." *C. R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990). If the defendant has knowledge of the patent, then upon a showing that defendant "had intent to induce the specific acts constituting infringement, intent additionally to cause an infringement can be presumed." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005). A jury could conclude that e-mails between a foreign defendant and a U.S. company "represent product support" showing that the defendant was aware of potentially infringing activities in the U.S. by the U.S. company and that the defendant "intended to encourage those activities." *Id.* at 1379-80. *See also Minnesota Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1305 (Fed. Cir. 2002) (evidence did not support finding of no inducement where defendant was aware of patents and supplied infringing products to customers "with instructions on how they were to be used, which, when followed, would lead to infringement."); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001) (defendant's acts in connection with selling infringing audio chips, manufactured in Singapore and sold to customers that resold to the U.S. PC market, constituted active inducement).

damages, and other issues.[3]

It is simply not true, as Defendants allege, that LPL sought the information requested in the subpoenas "at the last minute." LPL been requesting similar information and documents from the Defendants since November 2005 without success. Defendants have produced some – but certainly not all – of the discovery that LPL seeks. Much of Defendants' production is subject to objections and limitations that LPL disputes as wholly unreasonable. For instance, although Tatung has identified over 300 potentially infringing products, it only produced about 60 technical drawings and then claimed, without explaining its reasoning, that this fractional production covered as much as 96 percent of the relevant products.

2. Plaintiff's Service of the Third Party Discovery Was Both Necessary and Entirely Proper

LPL vigorously disputes Tatung's assertion that the instant subpoena or any of the other third party subpoenas represent a "transparent and improper effort … to perform an 'end run' around … an impending" ruling by the Special Master overseeing discovery in the Main Case.[4] It is correct that discovery disputes are presently pending before the Special Master in Delaware, but

[3] Indeed, based on information available to LPL and LPL's belief, the third parties are likely to have information showing that the Defendants have imported, sold, and used their products in the United States, activities which infringe upon LPL's U.S. patents and which support LPL's claims of direct infringement or inducement of infringement. Thus, the third parties are likely to have documents pertaining to communications, business coordination efforts, contracts or other agreements between itself and the Defendants pertaining to Defendants' products and sales of those products in the United States. The employees of the third parties are likely to have knowledge of the manner in which the third party conducted business with the Defendants and their customers in the United States. The employees of the third parties are also likely to have knowledge of the methods and practices and any coordination efforts related to the third parties' acquisition of infringing LCD components from the Defendants. All of this information will assist LPL in evaluating its patent infringement and inducement claims against the Defendants and will enable LPL to verify whether the Defendants' own document productions and deposition testimony have been complete and accurate. *See generally MEMC Elec. Materials, Inc., v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379-80 (Fed. Cir. 2005) (discussing factors evidencing inducement to infringe on patents).

[4] Tatung fails to explain how Plaintiff is somehow violating the letter or the spirit of an order yet to be issued by the Delaware Court. Plaintiff respectfully submits, however, that Tatung's position offers further support for LPL's position that the proper forum for litigating such a matter is Delaware, not Florida.

no rulings in the Main Case limit LPL's ability to obtain the scope of discovery that it seeks from Sensormatic.

In an effort to remedy Tatung's deficient responses, LPL filed motions to compel in the Main Case in September, October, November, and December 2006 and in January, February, and March 2007. Most of these issues are not yet resolved, and are still pending before the Special Master overseeing discovery in the Main Case. Perhaps in anticipation of the Special Master's forthcoming rulings, Tatung recently made a critical admission concerning the outstanding discovery. In a hearing on March 12 – the same day LPL first received the Motion and Order at issue here – Tatung admitted that additional categories of critically relevant technical drawings remain outstanding and that Tatung, after resisting LPL's discovery efforts for more than one year, would finally produce these documents in April 2007.

However, the Delaware Court's Scheduling Order requires the parties to complete third party discovery by March 30. Tatung's efforts to limit the scope of LPL's subpoena to products that have been accused of infringement will artificially narrow the scope of the subpoena to those that are currently identified as infringing products. LPL is entitled to discovery into all infringing products. That discovery should not be artificially limited as a result of Tatung's efforts to withhold information necessary to identify such products. Although Tatung resists LPL's discovery in the main case, that resistance does not, by itself, erect roadblocks to LPL's discovery from third parties.

## B. Tatung Lacks Standing to Challenge Plaintiff's Third-Party Subpoenas

Tatung has no standing to object to LPL's Rule 45 subpoena to Sensormatic, or to any of LPL's other Rule 45 subpoenas. Rule 45(c) protects persons "subject to subpoenas." Indeed, "[u]nless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty witness, the party to the action has no right to relief under Rule 45(b) or 30(b)." *Dart Industries, Inc. v. Liquid Nitrogen Processing*, 50 F.R.D. 286, 291 (D. Del. 1970); *see Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985) (denying motion to quash for lack of standing); *Nova Products, Inc. v. Kisma Video, Inc.*,

220 F.R.D. 238, 241 (S.D.N.Y. 2004) (denying motion to quash because no showing of personal right or privilege); *Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981) (denying motion to quash because movant failed to prove documents sought were privileged).

Tatung's Motion identifies no "personal right or privilege" that will be harmed by production of the materials LPL seeks from Sensormatic or other third parties. Tatung thus has no standing to move to quash or to seek a protective order against either the subpoena at issue here or any other third party subpoenas served by LPL. As such, Tatung evidently filed the instant Motion and related motions across the country with the sole objective of delaying and impeding LPL's efforts to obtain discovery to which it is legitimately entitled.

The effort appears to be working. Significantly, Sensormatic did not file any motion with respect to this subpoena itself, and had indicated to LPL that it was prepared to fully comply. However, on March 7, 2007, LPL's attorneys received a telephone message from Dennis Lynch, chief litigation counsel for Sensormatic, rescinding the company's previous agreement to produce the documents requested in the subpoena. In that message, Mr. Lynch stated that Tatung told Sensormatic that it planned to move for a protective order. Mr. Lynch further expressed concern about being in the middle of the dispute between the parties regarding the subpoena. Since that time, Sensormatic has produced no documents despite its prior commitment to do so. This communication is clear evidence that Tatung's Motion is delaying LPL's legitimate discovery in this action.

That Tatung waited until March 9 to file a Motion pertaining to a subpoena served a full month ago strongly suggests that Tatung timed the filing to maximize its chances of preventing LPL from obtaining third party discovery prior to the March 30 deadline. Further evidence of Tatung's dilatory purpose can be found in its approach to communicating with LPL regarding its many other motions now pending in jurisdictions around the country. Many of the motions were filed on an *ex parte* basis. With respect to the remaining motions, which were not technically filed *ex parte*, service was questionable. Like the instant Motion, none of the other twenty-two motions

were addressed to issuing attorney Shari Klevens, despite the fact that LPL's Delaware counsel had sent an email on Friday, March 2, 2007 identifying a service list for all pleadings relevant to the litigation. (Exhibit 1.)

Moreover, and again like the instant Motion, Tatung served the majority of its motions by regular mail rather than electronically, while simultaneously seeking expedited hearings regarding those motions. Finally, as further evidence of Tatung's conduct with respect to the Motions for Protective Order, not only did Tatung provide untimely and/or no notice of the motions, but Defendants failed to confer with LPL on possible times for the hearing and scheduled several overlapping hearings in conflicting courts. For example, Defendants initially tried to schedule three oral arguments, all on the morning of March 15, 2007, in New Jersey, Massachusetts, and Illinois.[5]

In light of all of the foregoing, allowing the Order as drafted by Tatung to stand raises the prospect of compromising Plaintiff's ability to obtain needed discovery not simply from Sensormatic, but broadly from multiple third parties around the country on issues critical to the development of LPL's case. The danger is particularly acute in light of Tatung's evident interest in disrupting that discovery, its lack of legitimate bases for quashing this or any of Plaintiff's other third party subpoenas, and most importantly the efforts it has already made to influence other courts' consideration of those subpoenas in light of this Court's March 12 Order. (Exhibit 4.)

## V.
## THE COURT SHOULD EXERCISE ITS DISCRETION TO TRANSFER TATUNG'S MOTION TO THE DISTRICT OF DELAWARE

Considering the scope of issues implicated by the subpoena and Motion at issue, the Court's – and the parties' – resources may be better served by vacating the Order and transferring Tatung's

[5] As Tatung is aware, all of these emergency hearings have been scheduled to occur simultaneously with depositions of Tatung's witnesses. Because LPL's lead trial counsel are busy taking and defending depositions this week, it appears that Tatung strategically filed these requests for expedited hearing in an attempt to prevent LPL from obtaining significant and relevant information it needs from the third parties or to divert LPL's focus from the Tatung depositions.

Motion to the District of Delaware. The Court has the authority to make such a transfer. *See Devlin v. Transportation Communications International Union*, 2000 WL 249286, *1 (S.D.N.Y. 2000) (stating that there is ample authority for the court from which a subpoena issues to transfer any motions relating to that subpoena back to the court where the main case is pending); *Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (holding that while the court initially has exclusive jurisdiction to rule on the objections, it may in its discretion remit the matter to the court in which the action is pending).[6]

As explained above, all 23 motions filed by LPL are nearly identical. Yet, by having the Motions heard in 15 different jurisdictions, the parties risk that inconsistent opinions will be rendered. In light of this issue, and the other related discovery issues currently pending in the Main Case as described below, this Court should not attempt to decide the issues in the pending motion in a vacuum.

For all of the foregoing reasons, LPL respectfully moves the Court to relieve LPL from the March 12, 2007 Order by:

- Vacating that Order; and
- Transferring the Motion for a Protective Order Limiting Scope of Third Party Deposition and Subpoena to the Delaware District Court for consideration, or in the alternative;
- Establishing a schedule for submission of further briefing on these issues, and scheduling a mutually convenient time for the parties to appear telephonically and present argument to this Court.

[6] *See also* Fed.R.Civ.P. 26(c), advisory committee's note. The Advisory Committee's Note to Rule 26(c) (Protective Orders) explains: The subdivision recognizes the power of the court in the district where a deposition is being taken to make protective orders...The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.

Dated: March 14, 2007

Respectfully Submitted,

Martin B. Woods, Esq. (Fla. Bar No. 340294)
mwoods@swmwas.com
Marissa D. Kelley, Esq. (Fla. Bar No. 379300)
mkelley@swmwas.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida 33301
Telephone: 954-462-9500
Facsimile: 954-462-9567
*Attorney for LG Philips*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a true and correct copy of the foregoing via e-mail transmission and U.S. Mail to all counsel or parties of record on the attached service list on this 14th day of March, 2007.

Martin B. Woods, Esq. (Fla. Bar No. 340294)
mwoods@swmwas.com
Marissa D. Kelley, Esq. (Fla. Bar No. 379300)
mkelley@swmwas.com

**SERVICE LIST**

Richard D. Kirk, Esq.
rkirk@bayardfirm.com
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19899

Jeffrey B. Bove, Esq.
jbove@cblh.com
James D. Heisman, Esq.
jheisman@cblh.com
Jaclyn M. Mason, Esq.
jmason@cblh.com
Connolly Bove Lodge & Hurtz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Tracy R. Roman, Esq.
troman@raskinpeter.com
Raskin Peter Rubin & Simon, LLP
1801 Century Park East
Suite 2300
Los Angeles, CA 90067

Scott R. Miller, Esq.
smiller@cblh.com
Connolly Bove Lodge & Hurtz, LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Frederick L. Cottrell, III, Esq.
Cottrell@RLF.com
Anne Shea Gaza, Esq.
Gaza@RLF.com
Richards Layton & Finger, PA
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

I:\W-LIT\LG Philips\M Relief.DOC

Frank E. Merideth, Jr., Esq.
meridethf@gtlaw.com
Valerie W. Ho, Esq.
hov@gtlaw.com
Mark H. Krietzman, Esq.
krietzmanm@gtlaw.com
Greenberg Traurig, LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404

Geoffrey M. Cohen, Esq.
coheng@gtlaw.com
Greenberg Traurig, LLP
5100 Town Center Circle
Suite 400
Boca Raton, FL 33486

Shari L. Klevens, Esq.
sklevens@mckennalong.com
Lora A. Brzezynski, Esq.
lbrzezynski@mckennalong.com
Cormac T. Connor, Esq.
cconnor@mckennalong.com
McKenna Long & Aldridge, LLP
1900 K. Street, NW
Washington, DC 20006

# EXHIBIT 1

**From:** Gaza, Anne [mailto:gaza@RLF.com]
**Sent:** Friday, March 02, 2007 1:18 PM
**To:** Dick Kirk; Frank C. Merideth, Jr.; Cottrell, Frederick; Jaclyn Mason; Jeff Bove; Jim Heisman; JP Hong, Esquire; Mark Krietzman; Monika Bialas; Scott Miller; Steve Hassid; Tracy Roman; Valerie Ho
**Subject:** RE: LG.Philips LCD Co., Ltd. v. Tatung

In conjunction with Dick's email below, below is the list of addressees for email correspondence going forward. Please let me know if you are aware of any individuals who should be added or deleted.

rkirk@bayardfirm.com; astitzer@bayardfirm.com; tnuble@bayardfirm.com; gbono@mckennalong.com; cchristenson@mckennalong.com; rambrozy@mckennalong.com; cconnor@mckennalong.com; jbove@cblh.com; jheisman@cblh.com; jmason@cblh.com; smiller@cblh.com; troman@raskinpeter.com; cottrell@rlf.com; gaza@rlf.com; lees@rlf.com; meridethf@gtlaw.com; krietzmanm@gtlaw.com; hov@gtlaw.com; hassids@gtlaw.com; bialasm@gtlaw.com

Thanks, Anne

Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER
Phone: (302) 651-7539
gaza@rlf.com

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this

communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

---

**From:** Dick Kirk [mailto:rkirk@bayardfirm.com]
**Sent:** Friday, March 02, 2007 11:59 AM
**To:** Gaza, Anne; Frank C. Merideth, Jr.; Cottrell, Frederick; Jaclyn Mason; Jeff Bove; Jim Heisman; JP Hong, Esquire; Mark Krietzman; Monika Bialas; Scott Miller; Steve Hassid; Tracy Roman; Valerie Ho
**Subject:** LG.Philips LCD Co., Ltd. v. Tatung

Dear Counsel:

For future email service, please add the following people from McKenna Long & Aldridge to your service lists:

Gap Bono, gbono@mckennalong.com
Cass Christenson, cchristenson@mckennalong.com
Rel Ambrozy, rambrozy@mckennalong.com
Cormac Connor, cconnor@mckennalong.com

Thanks for your accommodation.

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801
Main: (302) 655-5000
Direct: (302) 429-4208
Fax: (302) 658-6395
rkirk@bayardfirm.com

-----------------------------------
IRS Circular 230 DISCLOSURE:
Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
-----------------------------------
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
-----------------------------------
IRS Circular 230 DISCLOSURE:
Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
-----------------------------------
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY, et al.,<br><br>Defendants. | Civil Action No. 04-343 (JJF) |

**NOTICE OF FED.R.CIV.P. 30(b)(6) DEPOSITION *DUCES TECUM* AND FED.R.CIV.P. 45 SERVICE OF SUBPOENA (SENSORMATIC)**

TO:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

PLEASE TAKE NOTICE that Plaintiff will take the deposition *duces tecum* of Sensormatic ("Sensormatic") pursuant to Fed. R. Civ. P. 30(b)(6), on March 16, 2007. The deposition will take place at Esquire Deposition Services, 2385 NW Executive Ctr. Suite 120, Boca Raton, FL 33431. The deposition will be videotaped and taken before a notary public or

court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent(s) and may use technology that permits the real time display of the deposition transcript for attendees who bring a compatible computer. The deposition may continue from day to day until completed if authorized by the Court or stipulated by the parties.

PLEASE ALSO TAKE NOTICE that LG.Philips LCD Co., Ltd. is serving Sensormatic with a subpoena (the "Subpoena"), a copy of which is attached hereto. The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to the Subpoena. Pursuant to Fed. R. Civ. P. 30(b)(6), Sensormatic is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to Sensormatic concerning all topics listed in Attachment A to the Subpoena. In addition, the Subpoena requires Sensormatic to produce at the deposition the documents listed in Attachment B to the Subpoena.

You are invited to attend and cross examine.

February 13, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

OAO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

LG.PHILIPS LCD CO., LTD.
V.
TATUNG COMPANY, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-343 (JJF)

United States District Court for the District of Delaware

TO: **Sensormatic, Inc.**
**6600 Congress Ave**
**Boca Raton, Florida 33431-0837**

X YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See Attachment A for topics.)

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Esq. Deposition Svcs, 2385 NW Executive Center Dr., Ste. 120, Boca Raton, FL 33431 | March 16, 2007 at 9 am. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All documents listed in Attachment B.

| PLACE | DATE AND TIME |
| --- | --- |
| Mail documents to: McKenna Long & Aldridge LLP, Attn: Shari Klevens c/o Esq. Deposition Svcs, 2385 NW Executive Center Dr., Ste. 120, Boca Raton, FL 33431 | March 5, 2007 at 9:00 a.m. |

G YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
| --- | --- |
| Shari Klevens (Attorney for Plaintiff) [signature] | February 13, 2007 |

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
Shari Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Telephone: 202-496-7612

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) — MANNER OF SERVICE

SERVED BY (PRINT NAME) — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A: TOPICS TO BE ADDRESSED AT THE DEPOSITION**

For purposes of this Attachment, Sensormatic should use the following definition for the terms used herein.

A. "Sensormatic," "you," and "your" as used herein, means Sensormatic and all persons or entities acting or purporting to act on your behalf, and any affiliates of Sensormatic.

B. "ViewSonic" means Defendant ViewSonic Corporation, and all persons or entities acting or purporting to act on ViewSonic Corporation's behalf, and any affiliates of ViewSonic, including, but not limited to, entities, divisions, and affiliates located in Taiwan.

C. "ViewSonic products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for ViewSonic. This includes all such products, regardless of brand name, and thus includes, but is not limited to, ViewSonic brand products.

D. "Tatung Company" means Defendant Company and all persons or entities acting or purporting to act on Tatung Company's behalf, including, but not limited to Tatung America and TSTI.

E. "Tatung Company products" as used herein any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung. This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung brand products.

F.  "Tatung America" means Defendant Tatung Company of America, Inc., and all persons or entities acting or purporting to act on Tatung Company of America's behalf, including but not limited to Tatung Company and any affiliates of Tatung Company of America.

G.  "Tatung America products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung America.  This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung America brand products.

H.  "TSTI" means Tatung Science and Technology, Inc., and all persons or entities acting or purporting to act on Tatung Science and Technology's behalf, including but not limited to Tatung Company, and any affiliates of Tatung Science and Technology.

I.  "TSTI products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for TSTI. This includes all such products, regardless of brand name, and thus includes, but is not limited to, TSTI brand products.

J.  "Affiliate(s)" means any corporation or other entity that controls, is controlled by or is under common control with the identified corporation or entity, including without limitation partnerships, parents, subsidiaries and divisions.

K.  "Visual display products" means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs.

L.    "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two of more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

M.    "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing or constituting the referenced subject.

N.    "Discuss," "discussing," "relate to" "relating to," "support" or "supporting" means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

O.    "Identify" used in respect to a company or corporate or business entity of any kind means to set forth:

a.   the full name of the company;

b.   the full name of the division or office involved, if applicable; and

c.   the address of the company and of the division or office involved, if applicable.

P.    "Identify" used in respect to a document or thing means:

        a.   to provide a brief description of such document or thing, including date, author, recipients, type, and content or substance;

        b.   to identify the custodian of the document or thing;

        c.   to identify the place where the document or thing may be inspected; and

        d.   if a copy of the document has been supplied to LPL, to so state and specifically identify the copy supplied by reference to production numbers or other identifying information.

Q.    "Identify" used with respect to a natural person means to state:

        a.   the full name;

        b.   the present or last known business and residence addresses;

        c.   the last known employer or job affiliation; and

        d.   the last known occupation and business position or title held.

R.    "Import" or "importation" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

S.    "Make" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

T.    "Offer to sell" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

U.    "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

V.    "Sell" or "sale" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

W.    The use of the singular form of any word includes the plural and vice versa.

The topics to be covered in the deposition include:

1.      The nature of the business relationship and transactions between Sensormatic and Tatung Company, Tatung America, TSTI, and/or ViewSonic relating to the sale, manufacture, assembly, distribution, or import of visual display products, including but not limited to the agreements between Sensormatic, Tatung Company, Tatung America, TSTI, and/or ViewSonic.

2.      The scope, nature and purpose of communications between Sensormatic and Tatung Company, Tatung America, TSTI, and/or ViewSonic (a) concerning the sale or marketing in the United States of visual display products manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, (b) communications regarding any product support assistance or warranties that Tatung Company, Tatung America, TSTI, and/or ViewSonic have provided to Sensormatic, (c) communications regarding the market trends for visual display products in the United States, (d) communications regarding the technical specifications of Tatung Company, Tatung America, TSTI, and/or ViewSonic visual display products, and (e) communications regarding your required or desired technical specifications for visual display products manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic.

3.      The scope, nature and purpose of communications between Sensormatic and Tatung Company, Tatung America, TSTI, and/or ViewSonic concerning the technical assembly of Tatung Company's, Tatung America's, TSTI's, or ViewSonic's visual display products, including, but not limited to, the use and identity of original equipment manufacturers ("OEMs") or systems integrators used by Sensormatic, Tatung Company, Tatung America, TSTI, and ViewSonic.

4.    Any agreements or contracts pursuant to which Sensormatic has agreed to purchase Tatung Company's, Tatung America's, TSTI, and/or ViewSonic's visual display products either directly from Tatung Company, Tatung America, TSTI, or ViewSonic or indirectly by purchasing such products from any OEMs.

5.    Sensormatic's activities or efforts related to the distribution or sale of visual display products in the United States manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic.

6.    All channels, distributors, suppliers, and networks through which products made in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic have been shipped, imported, sold, and/or distributed in the United States.

7.    Sensormatic's sales of its visual display products that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, including the quantity and dollar amount of such sales, by product.

8.    The substance of any meetings between Sensormatic and Tatung Company, Tatung America, TSTI, and/or ViewSonic whether in the U.S. or abroad.

DC:50459632.1

## ATTACHMENT B: DOCUMENTS TO BE PRODUCED

For purposes of this Attachment, Sensormatic should refer to Attachment A for the definition or meaning of terms used herein, which definitions are incorporated herein by reference. In addition, the following definition applies:

A.      "Document" means all types of documents and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries or interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, or opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and other data compilations from which

information can be obtained or translated, if necessary by Sensormatic through detection devices into reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

The documents to be produced on or before March 5, 2007, include the following:

1. All documents provided by Tatung Company, Tatung America, TSTI, and/or ViewSonic to Sensormatic since January 1, 2002 regarding: (i) marketing, sales, or business documents or presentation materials; (ii) technical specifications and/or drawings regarding Tatung Company's, Tatung America's, TSTI's or ViewSonic's visual display products, including but not limited to the assembly of such products; and (iii) any documents relating to warranties, product support, or service provided by Tatung Company, Tatung America, TSTI, and/or ViewSonic regarding their visual display products.

2. Documents provided by Sensormatic to Tatung Company, Tatung America, TSTI or ViewSonic since January 1, 2002 sufficient to show (i) Sensormatic's design requirements for its visual display products, (ii) Sensormatic's market for its visual display products, and/or (iii) market trends in the United States for visual display products.

3. Documents sufficient to show the business relationship between Sensormatic and Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including communications with Tatung Company, Tatung America, TSTI, and/or ViewSonic, notes from meeting with Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents in which Sensormatic has agreed to purchase visual display products directly from Tatung Company, Tatung America, TSTI, and/or ViewSonic.

4.    All documents related to the manufacture and/or assembly of Tatung Company's, Tatung America's, TSTI's, and/or ViewSonic's visual display products.

5.    All documents since January 1, 2002 evidencing or relating to Sensormatic's purchase from original equipment manufacturers ("OEMs") any visual display products that Sensormatic had reason to believe were manufactured or assembled in whole or in part by Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents sufficient to show that Tatung Company, Tatung America, TSTI, and/or ViewSonic received notice of Sensormatic's agreements to purchase.

6.    Documents sufficient to show Sensormatic's receipt or purchase of visual display products sold, manufactured, shipped, imported, or distributed in whole or in part by Tatung Company, Tatung America, TSTI, and ViewSonic since January 1, 2002.

7.    Documents sufficient to show the total quantity of visual display products sold, by product, by Sensormatic that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI, and (4) ViewSonic products.

8.    Documents sufficient to show the sales by total dollar value and by quantity of visual display products sold, by product, by Sensormatic that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI, and (4) ViewSonic products.

9.      Documents sufficient to identify each person Sensormatic has communicated with at Tatung Company, Tatung America, TSTI, and/or ViewSonic.

DC:50459602.1

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on February 13, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and will be sent by first class mail to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

# EXHIBIT 3

Greenberg Traurig

February 27, 2007

**Via E-Mail and U.S. Mail**

Cormac T. Connor
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

**Re:** ***LG.Philips LCD Co., Ltd. v. Tatung Company et al.***
**U.S. District Court Case No. 04-343 JJF**

Dear Cormac:

I write in regard to LPL's subpoenas to Planar Systems, CTX Technologies, Tatung Science and Technology Inc., Edward Service, Ingram Micro, eMachines, Wal-Mart Stores Inc., Avnet Inc., Sensormatic, Tyco International, Tri-Ed Distribution, CLI, Medion USA, TMX Logistics, American Dynamics, Best Buy, Radio Shack, Safeway, Amazon.com Inc., Gateway Inc., Sam's Club, Tweeter Home Entertainment, CompUSA Inc., and Pelco (the "subpoenas").

As previously discussed, one of the issues currently pending before Special Master Poppiti is whether the Tatung Defendants are required to produce documents, including highly confidential agreements and communications with their customers, that do not pertain to the products LPL has accused in this case. While the Special Master has not yet rendered a decision on this issue, we do expect a decision from him shortly.

The subpoenas served by LPL are attempts to circumvent a potential ruling that may be favorable to the Tatung Defendants. LPL has subpoenaed the aforementioned entities for broad categories of confidential, commercially sensitive information relating to the Tatung Defendants' business relationships with these entities and has made no attempt to limit the information sought to the accused products at issue. As such, LPL's subpoenas to the Tatung Defendants' customers appear to serve no legitimate purpose and are merely calculated to harass. Please be advised that the Tatung Defendants object to all Topics and Document Requests on the grounds that they are not limited to the accused products and seek confidential, proprietary, trade secret information belonging to the Tatung Defendants. The deposition topics and document requests are overly broad and seek information that is not relevant to any claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. The topics and document requests are also overly broad because they are not limited as to time.

Cormac T. Connor, Esq.
February 27, 2007
Page 2


Unless the parties can reach an immediate agreement regarding the scope of the subpoenas, we intend to file motions for protective orders. Please advise regarding your availability for a meet and confer. We are available in the late afternoon on Wednesday, February 28, 2007, or anytime on Thursday, March 1 or Friday, March 2, 2007.

Very truly yours,

Valerie W. Ho

cc:  Rel Ambrozy (via email)
     Lora Brzezynski (via email)
     Richard Kick (via email)
     Scott Miller (via email)
     Jeffrey Bove (via email)
     James Heisman (via email)
     Tracy Roman (via email)
     Anne Gaza (via email)
     Frank Merideth (via email)
     Mark Krietzman (via email)
     Steve Hassid (via email)

Albany
Atlanta
Brussels
Denver
Los Angeles

McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

February 28, 2007

**VIA EMAIL AND U.S. MAIL**

Valerie W. Ho, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404
hov@gtlaw.com

Re: ***LG.Philips LCD Co. v. ViewSonic Corp. et. al.***
**U.S. District Court Case No. 04-343 JJF**

Dear Valerie:

This letter responds to yours of February 9 and 27. We are still unable to determine how the Tatung Defendants have standing to object to any of LPL's third party subpoenas. We discussed the Tatung Defendants' lack of standing during the parties' meet-and-confer on January 30, which pertained to LPL's subpoena on Hewlett-Packard ("HP"). However, the Tatung Defendants have yet to provide LPL with any basis - other than naked allegations - for their standing to object to LPL's subpoenas on behalf of third parties. The scope and subject-matter of LPL's subpoenas are entirely reasonable and, even if the Special Master were to limit LPL's discovery requests on the Tatung Defendants, that ruling would not necessarily limit LPL's discovery requests on third parties.

Further, we do not understand why the Tatung Defendants still have not produced the documents that we discussed in our January 30 meet-and-confer, which related to LPL's inquiries of HP. In your February 9 letter, you said that the Tatung Defendants "agreed that we would search for and produce such documents," namely the so-called "process management plans," but you have not produced any such documents and you have not provided any estimation as to when those documents will be produced. You also failed to address our request for documents that would correlate Tatung's product numbers with the product numbers used by third parties, such as HP, so that LPL can determine whether Tatung's products are being sold in the United States under different brand names or model numbers.

Additionally, while you may not be under an obligation to assist LPL with its discovery from third parties, you are not allowed to impede LPL's discovery efforts by refusing to provide third parties, such as HP, with the consents that they need in order to produce documents to LPL. We understand your February 9 letter to be providing HP with consent to produce documents that relate to accused products and - because you apparently did not communicate this consent directly to HP - we have forwarded a copy of your letter to HP for their review. However, as HP has explained to us, even if LPL agreed to your limitations (which it does not), HP cannot identify which of its own products correspond to Tatung's accused products because HP does not have any way to link its product numbers with Tatung's. Thus, as discussed above, we need the Tatung Defendants to provide correlation information promptly. We intend to raise this issue with the Special Master.

Returning to the Tatung Defendants' purported ability to object on behalf of third parties, we will agree to meet-and-confer with you again on this matter. However, in order for our negotiations to be productive, please provide us with legal authority that supports your claims that the Tatung Defendants have standing to file motions for protective orders on behalf of third parties. Given the press of other deadlines in this case, we are not able to meet-and-confer with you this week; however we can meet with you on March 5 between 1 and 4 p.m. EST. Please let us know if this will work for you.

Sincerely,

Cormac T. Connor

cc: Frank Meredith, Esq. (via email)
Mark Krietzman, Esq. (via email)
Steve Hassid, Esq. (via email)

DC:50464263.1

---

**From:** HoV@GTLAW.com [mailto:HoV@GTLAW.com]
**Sent:** Wednesday, February 28, 2007 9:16 PM
**To:** Connor, Cormac
**Cc:** KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; JansenA@gtlaw.com; HassidS@gtlaw.com; SMiller@cblh.com; MNelson@cblh.com; TRoman@raskinpeter.com; gaza@RLF.com
**Subject:** Meet and confer regarding Tatung's motions for protective order

Dear Cormac,

This responds to your letter, which is attached. We are available for the meet and confer on Monday, March 5, 2007 at 11:00 PST. My assistant, Monica Solorzano, will circulate the dial in information.

Your suggestion that the Tatung Defendants do not have standing to bring motions for protective order relating to subpoenas that seek the Tatung Defendants' confidential proprietary information (including information that is completely irrelevant to this case) is simply wrong. Contrary to your misunderstanding, we are filing the motions on behalf of the Tatung Defendants, and not on hehalf of the subpoenaed parties. As for your request for legal authority, please refer to FRCP 26(c).

With respect to the other issues raised in your letter, I already have addressed those issues in my previous letters to you. We are not impeding third party discovery, and in fact, as previously stated, HP has been provided with the correlation information that Tatung was able to locate. With respect to documents/information we previously agreed to produce, we hope to produce those by the end of this week. We do not believe this issue requires the Special Master's involvement. If LPL feels differently, then LPL should file an appropriately noticed motion. Absent such a motion, we will object to LPL raising this issue on an ad hoc basis at any upcoming status conferences/hearings.

Valerie

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties

under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Burrello, Meta [mailto:mburrello@mckennalong.com]
**Sent:** Wednesday, February 28, 2007 2:11 PM
**To:** Ho, Valerie W. (Shld-LA-LT); Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP)
**Cc:** Connor, Cormac
**Subject:** Letter to Valerie Ho dated 2/28/07

Please see the attached document.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

# EXHIBIT 4

# *EXHIBIT 4(A)*

Greenberg
Traurig

Clark P. Russell
(973) 360-7931
russellc@gtlaw.com

March 13, 2007

VIA FEDERAL EXPRESS

Hon. Mary L. Cooper, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 East State Street, Room 5000
Trenton, New Jersey 08608

Re: LG. Philips LCD Co., Ltd. v. Tatung Company, et al
New Jersey District Court No. 3:07-cv-1140

Dear Judge Cooper:

We represent defendants Tatung Company and Tatung Company of America, Inc. (the "Tatung Defendants") in the above-referenced matter.

Please be advised that Judge Riskamp of the Southern District of Florida just granted the Tatung Defendants their motion for a protective order on nearly identical facts. A copy is enclosed for your reference.

Thank you for your courtesies.

Respectfully submitted,

Clark P. Russell

CPR:cgc
Enclosure
cc: Richard D. Kirk, Esq. (w/enc., via e-mail)
Gaspare J. Bono, Esq. (w/enc., via e-mail)
Jeffrey B. Bove, Esq. (w/enc., via e-mail)
Frederick L. Cottrell III, Esq. (w/enc., via e-mail)
Valerie W. Ho, Esq. (w/enc., via e-mail)
Scott R. Miller, Esq. (w/enc., via e-mail)
Tracy Roman, Esq. (w/enc., via e-mail)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

Greenberg Traurig, LLP | Attorneys at Law | 200 Park Avenue | P.O. Box 677 | Florham Park, NJ 07932-0677
Tel 973.360.7900 | Fax 973.301.8410

www.gtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

L.G. PHILIPS LCD CO., LTD.,

Plaintiff,

TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION,

Defendants

Case No. 04-343-JJF (D. Del.)

07-80223
CIV-RYSKAMP

THIS MATTER having been opened to the Court on motion by defendants, the Tatung Co. and the Tatung Company of America, Inc., by their attorneys, for a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the scope of discovery from third party Sensormatic, Inc. ("Sensormatic"); and plaintiff L.G.Philips LCD Co., Ltd., by their attorneys, having opposed the motion; and the Court having considered the papers submitted and the arguments presented; and for good cause shown:

**IT IS HEREBY ORDERED THAT:**

1. The motion is GRANTED.

2. Any deposition testimony taken from third party Sensormatic shall be limited to the accused products at issue in *L.G. Philips LCD Co., Ltd. v. Tatung Company, et. al.*, C.A. No. 04-343-JJF (United States District Court for the District of Delaware) (the "Delaware Action"). Such deposition testimony shall be subject to the provisions of the Stipulated Protective Order dated January 24, 2005 entered in the Delaware Action.

3. Any documents produced in response to the subpoena by third party Sensormatic shall be limited to those documents relating to the accused products at issue in the Delaware Action. Additionally, any documents produced shall be stamped

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and shall be produced subject to the Stipulated Protective Order dated January 24, 2005 entered in the Delaware Action, which is attached hereto as Exhibit 1.

Dated: March 12, 2007
~~Boca Raton~~, Florida
WPB

United States District Court Judge for the
Southern District of Florida

Copies to: Richard D. Kirk, Esq. (rkirk@bayardfirm.com)
Gaspare J. Bono, Esq. (gbono@mckennalong.com)
Jeffrey B. Bove, Esq. (jbove@cblh.com)
Tracy R. Roman, Esq. (troman@raskinpeter.com)
Scott R. Miller, Esq. (smiller@cblh.com)
Frederick L. Cottrell, III, Esq. (Cottrell@RLF.com)
Frank E. Merideth, Jr., Esq. (meredith@gtlaw.com)
Geoffrey M. Cahen, Esq. (caheng@gtlaw.com)

# *EXHIBIT 4(B)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

LG Phillips LCD Co. Ltd.,

Plaintiff,

vs.

Tatung Company, Tatung Company of America, Inc.; and ViewSonic Corporation,

Defendants.

Court File No.: 07-MC-19 JNE/SRN

**AMENDED NOTICE OF MOTION**

Oral Argument Requested

**PLEASE TAKE NOTICE** that on March 15, 2007 at 3:00 p.m., or as soon thereafter as counsel may be heard, Defendants Tatung Company and Tatung Company of America, Inc. will bring on for hearing a Motion for a Protective Order Limiting the Scope of a Third Party Subpoena and Notice of Deposition Duces Tecum pursuant to Federal Rule of Civil Procedure 26, before the Honorable Susan Richard Nelson in Courtroom 9E of the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Dated: March 14, 2007

Lind, Jensen, Sullivan & Peterson
A Professional Association

Ted E. Sullivan, I.D. No. 122452
William L. Davidson, I.D. No. 201777
Sara J. Lathrop, I.D. No. 0310232
150 South Fifth Street, Suite 1700
Minneapolis, Minnesota 55402
(612) 333-3637

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

vs.

Tatung Company, Tatung Company of America, Inc., and ViewSonic Corporation,

Defendants.

Court File No.: 0:07-MC-19 JNE/SRN

**NOTICE OF APPEARANCE**

---

TO: PLAINTIFF ABOVE-NAMED AND ITS ATTORNEYS, Gaspare J. Bono, Rel S. Ambrozy, Lora A. Brzezynski, Cass W. Christenson, AND Cormac T. Connor, Esq., McKenna, Long & Aldridge, LLP, 1900 K Street N.W., Washington, DC 20006 and Richard D. Kirk, The Bayard Firm, 222 Delaware Avenue #900, Wilmington, DE 19899; AND DEFENDANT VIEWSONIC CORPORATION AND ITS ATTORNEYS, Jeffrey B. Bove, James D. Heisman, Jaclyn Michele Mason, Connolly, Bove, Lodge & Hutz, The Nemours Building, 1007 North Orange Street, P.O. Box 2207, Wilmington, DE 19899 AND Scott R. Miller, Connolly, Bove, Lodge & Hutz, 355 South Grand Avenue, Ste. 3150, Los Angeles, CA 90071, AND Tracy R. Roman, Esq., Raskin, Peter, Rubin & Simon, LLP, 1801 Century Park East, Ste. 2300, Los Angeles, CA 90067:

PLEASE TAKE NOTICE that the undersigned Thomas D. Jensen will hereby appear in this action on behalf of Defendants Tatung Company and Tatung Company of America, Inc.

Respectfully submitted,

Lind, Jensen, Sullivan & Peterson
A Professional Association

Dated: 3-14-07

Thomas D. Jensen, I.D. No. 50179
Ted E. Sullivan, I.D. No. 122452
William L. Davidson, I.D. No. 201777
Sara J. Lathrop, I.D. No. 0310232
150 South Fifth Street, Suite 1700
Minneapolis, Minnesota 55402
(612) 333-3637

AND

Frank C. Merideth, Esq.
Valerie Ho, Esq.
Charlene Oh, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
(310) 586.7700

Attorneys for Defendants Tatung Company and Tatung Company of America, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

LG Phillips LCD Co. Ltd.,

Plaintiff,

vs.

Tatung Company, Tatung Company of America, Inc.; and ViewSonic Corporation,

Defendants.

Court File No.: 07-MC-19 JNE/SRN

**AFFIDAVIT (II) OF SARA J. LATHROP**

STATE OF MINNESOTA )
) SS
COUNTY OF HENNEPIN )

1. My name is Sara J. Lathrop. I am an attorney licensed to practice law in the State of Minnesota. I am one of the attorneys representing Defendants Tatung Company, Tatung Company of America, Inc. ("the Tatung Defendants) in the above-captioned matter.

2. I submit this affidavit in support of the Tatung Defendants' Motion for a Protective Order and for an Expedited Hearing, relating to the subpoena and deposition duces tecum notice served by Plaintiff LG Phillips LCD Co. Ltd. ("LPL") upon third-party Best Buy, Inc. ("Best Buy"). The Best Buy subpoena was issued out of this Court.

3. A true and correct copy of the Protective Order issued by the United States District Court for the Southern District of Florida in LG Philips LCD Co., Ltd. v. Tatung Co., et al., granting Tatung's motion for protective order, filed March 12, 2007 is attached hereto as Exhibit 5.

FURTHER YOUR AFFIANT SAYETH NOT.

Sara J. Lathrop

Subscribed and sworn to before me this 14th day of March, 2007

Notary Public

JENNIFER STELLINGS GREEN
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

L.G. PHILIPS LCD CO., LTD.,

Plaintiff,

TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION,

Defendants

Case No. 04-343-JJF (D. Del.)

07-80223
CIV-RYSKAMP

THIS MATTER having been opened to the Court on motion by defendants, the Tatung Co. and the Tatung Company of America, Inc., by their attorneys, for a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the scope of discovery from third party Sensormatic, Inc. ("Sensormatic"); and plaintiff L.G.Philips LCD Co., Ltd., by their attorneys, having opposed the motion; and the Court having considered the papers submitted and the arguments presented; and for good cause shown:

**IT IS HEREBY ORDERED THAT:**

1. The motion is GRANTED.

2. Any deposition testimony taken from third party Sensormatic shall be limited to the accused products at issue in *L.G. Philips LCD Co., Ltd. v. Tatung Company, et. al.*, C.A. No. 04-343-JJF (United States District Court for the District of Delaware) (the "Delaware Action"). Such deposition testimony shall be subject to the provisions of the Stipulated Protective Order dated January 24, 2005 entered in the Delaware Action.

3. Any documents produced in response to the subpoena by third party Sensormatic shall be limited to those documents relating to the accused products at issue in the Delaware Action. Additionally, any documents produced shall be stamped

5

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and shall be produced subject to the Stipulated Protective Order dated January 24, 2005 entered in the Delaware Action, which is attached hereto as Exhibit 1.

Dated: March ~~9~~ 12, 2007
~~Boca Raton~~, Florida
WPB

United States District Court Judge for the
Southern District of Florida

Copies to: Richard D. Kirk, Esq. (rkirk@bayardfirm.com)
Gaspare J. Bono, Esq. (gbono@mckennalong.com)
Jeffrey B. Bove, Esq. (jbove@cblh.com)
Tracy R. Roman, Esq. (troman@raskinpeter.com)
Scott R. Miller, Esq. (smiller@cblh.com)
Frederick L. Cottrell, III, Esq. (Cottrell@RLF.com)
Frank E. Merideth, Jr., Esq. (meredith@gtlaw.com)
Geoffrey M. Cahen, Esq. (caheng@gtlaw.com)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

LG.PHILIPS LCD CO., LTD.

Plaintiff,

**Case No. 07-MC-80223-KLR**

TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION

*D. Delaware Case No. 04-343-JJF*

Defendants.

---

**ORDER**

This matter having come before the Court on Plaintiff, LG. Philips LCD Co., Ltd.'s Motion for Expedited Relief from Order, and the Court, having considered the motion, being fully advised and for good cause shown, ORDERS:

- The Motion is GRANTED.
- The Order entered on March 12, 2007 in the above-captioned proceeding is hereby VACATED;
- Plaintiff LG.Philips LCD Co., Ltd. ("LPL") shall submit a brief in response to the Motion for a Protective Order Limiting Scope of Third Party Deposition and Subpoena submitted by Tatung Company and Tatung Company of America, Inc. by no later than March ____, 2007;
- The Court will hold a telephonic hearing on this matter on March ____, 2007 at ___________ a.m./p.m.

Dated this ______ day of March, 2007.

______________________________
United States District Court Judge for the Southern District of Florida

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

LG.PHILIPS LCD CO., LTD.

Plaintiff,

**Case No. 07-MC-80223-KLR**

TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION

*D. Delaware Case No. 04-343-JJF*

Defendants.

---

**ORDER**

The Court, being fully advised, ORDERS:

- The Motion is GRANTED.
- The Order entered on March 12, 2007 in the above-captioned proceeding is hereby VACATED;
- The Motion for a Protective Order Limiting Scope of Third Party Deposition and Subpoena submitted by Tatung Company and Tatung Company of America, Inc. is hereby TRANSFERRED to the Delaware District Court for its consideration.

Dated this ______ day of March, 2007.

______________________________
United States District Court Judge for the Southern District of Florida

DC:50466795.1